IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL LABAR, individually and as Administrator of the Estate of JOLENE LABAR | : : : | |
| Plaintiffs | : : | Civil Case |
| v. | : : | |
| OFFICER JAMES T. ALERCIA, et al. Defendants | : : | No. 09-4182 |

MEMORANDUM OPINION

**Stengel, J.**                                                             February 28, 2011

Daniel LaBar's wife's car was struck by a felon who was being chased by police. Palmer Township's and Wilson Borough's partial motions to dismiss were granted.[1] Palmer Township has filed this motion for judgment on the pleadings. For the reasons set forth below, I will grant the motion.

I.      Background

Daniel LaBar's wife's car was struck by a felon who was being chased by police. Ms. LaBar died as a result of her injuries.[2] Mr. LaBar alleges Palmer Township had a

---

[1] The remaining counts are count IV and count V, alleging municipal liability claims against Palmer Township and the Borough of Wilson, count X alleging a wrongful death claim, and count XI alleging a survival action.

[2] This memorandum opinion is written for the parties and the facts are described only to a limited extent. For a more complete discussion of the underlying facts, please see the Opinion addressing the defendants' partial motions to dismiss. Opinion, LaBar v. Alercia, No. 09-4182 (E.D. Pa. filed Sept. 30, 2010).

1

policy or practice of "Emergency Response Driving – High Speed Motor Vehicle Pursuit." This policy or practice addressed officers' engagements in high speed pursuits. Mr. LaBar maintains the Palmer Township police officers were not adequately trained with respect to high speed pursuits.[3]

II.     Standard for a Rule 12(c) Motion for Judgment on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." In considering a motion for judgment on the pleadings a court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to plaintiff, the nonmoving party." Inst. for Scientific Info., Inc. v. Gordon and Breach, Sci. Publishers, Inc., 931 F.2d 1002, 1004 (3d Cir. 1991) (citing Soc'y Hill Civic Ass'n v. Harris, 632 F.2d 1045, 1054 (3d Cir. 1980)).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley v. Gibson, 355 U.S. 41, 47 (1957). Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The factual allegations must be sufficient to make the claim for relief more than just

---

[3] The complaint states: "[N]umerous police practice and procedure experts continuously and vigorously advocated for each Police Department to adopt and enforce reasonable and necessary policies and procedures to protect the public from high speed police pursuits. Notwithstanding these widely known opinions, the Defendants herein failed to properly train their officers with respect to high speed pursuit policies."

2

speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Se. Pa. Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

III. Discussion

    A. Monell Claim

Mr. LaBar maintains Palmer Township had a "policy of failing to reprimand officers' misconduct"; failed "to require in-service training or re-training of officers who were known to have engaged in unsafe acts, police misconduct, or who were known to encourage or tolerate the same"; and "failed to require that their police officers were adequately trained in the Township's own high speed pursuit policy."

        1. Policy or Custom

"[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official

3

policy, inflicts the injury . . . the government as an entity is responsible under § 1983." Carter v. City of Phila., 181 F.3d 339, 356-57 (3d Cir. 1999). "Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict." Berg v. Cnty. of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) (quoting Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996)). "Customs are 'practices of state officials . . . so permanent and well settled' as to virtually constitute law." Id. (quoting Kneipp, 95 F.3d at 1212). If a policy or custom is identified, the plaintiff "must 'demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged.'" Berg, 219 F.3d at 276 (quoting Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997)). The municipality must take the action "with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." Id. (quoting Bd. of Cnty. Comm'rs of Bryan Cnty., 520 U.S. at 407).

Mr. LaBar does not allege the policy of failing to reprimand officers' misconduct was "an official proclamation, policy, or edict," and the complaint does not sufficiently allege that any policy of "failing to reprimand officers" was permanent and well-settled such that it constituted law.

### 2. Failure to Train

If "the policy in question concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to

4

'deliberate indifference' to the rights of persons with whom those employees will come into contact." Carter, 181 F.3d at 357 (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). The "failure to train may amount to deliberate indifference where the need for more or different training is obvious, and inadequacy very likely to result in violation of constitutional rights." Id.

Even if Palmer Township did not provide training on its high speed pursuit policy, Mr. LaBar's complaint fails to allege facts which would establish Palmer Township was deliberately indifferent to any constitutional violation. In fact, Palmer Township had a policy addressing high speed pursuits. No allegations in the complaint establish the lack of training was obvious or a lack of training likely would result in a constitutional violation.

### B. Wrongful Death and Survival Claims

Count X of Mr. LaBar's complaint raises a Section 1983 claim for wrongful death and count XI raises a Section 1983 survival action. Mr. LaBar maintains count X and count XI are negligence claims, which are independent claims.

"Wrongful death and survival act claims are not substantive causes of action; rather, they provide a means of recovery for unlawful conduct that results in death." Sullivan v. Warminster Twp., 2010 WL 2164520, at *6 (E.D. Pa. May 27, 2010); see 42 Pa. Cons. Stat. Ann. § 8301(a) ("An action may be brought . . . to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or

5

negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery"); 42 Pa. Cons. Stat. Ann. § 8302 ("All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants.").

Count X is entitled "Section 1983 – Wrongful Death Against All Defendants." It cites the wrongful death statute, 42 Pa. Cons. Stat. Ann. § 8302, and the Pennsylvania statute of limitations, 42 Pa Con. Stat. Ann § 5524. The only negligence language contained in the count is:

> The Plaintiff's deceased wife and her unborn child lost their lives as herein set forth, and said deaths were as a direct and proximate result of the careless, negligent, reckless, willful and wanton conduct, acts or omissions of the Defendants, jointly and/or severally, as more fully described herein above.

Similarly, count XI is entitled "Section 1983 – Survival Action Against All Defendants." It references the survival statute, 42 Pa. Cons. Stat. Ann. § 9302, the statute of limitations, 42 Pa. Cons. Stat. Ann. § 5524, and the statute governing causes of actions by a personal representative, 20 Pa. Cons. Stat. Ann. § 3373. The count's sole negligence language states:

> The Plaintiff's deceased wife lost her life as set forth above, and said death was as a direct and proximate result of the carelessness, negligent, reckless, wilful and wanton conduct, acts or omissions of the Defendants, as more fully described above.

Count X and count XI do not raise negligence actions. The sections' headings state "Section 1983." The only state law claims raised in the complaint were state constitutional claims and an assault and battery claim. No other count in the complaint references negligence or the Pennsylvania Political Subdivision Tort Claims Act, which has a two-year statute of limitations. Mr. LaBar appears to be using § 1983 to assert a state law negligence claim – that is not a federal claim – there is no violation of a federal constitutional right.

Because count X and count XI did not raise negligence actions, I will grant Palmer Township's motion for judgment on the pleadings for count X and count XI. The wrongful death statute and survival action statute are derivative causes of action. Because all substantive counts have been dismissed, the derivative counts cannot survive.

IV. CONCLUSION

I will grant Palmer Township's motion for judgment on the pleadings.

An appropriate order follows.